IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CONSTANTINE THOMAS, #1340293 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv223 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus was filed more than two years too late and should be dismissed as time-barred. The Petitioner has filed objections arguing that the deadline should be equitably tolled because he did not know that he could present an ineffective assistance of counsel claim and because he is illiterate.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

The Petitioner's sole objection was that the deadline for the present petition to be filed should be equitably tolled. The Fifth Circuit has held that the one year limitations period is a statute of limitations, not a bar to federal jurisdiction, thus the limitations period can be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The doctrine of equitable tolling is applied restrictively and may be entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). More recently, the Supreme Court discussed the issue of whether the AEDPA limitations

1

period may be equitably tolled in *Lawrence v. Florida*, 549 U.S. 327 (2007). The Supreme Court, when assuming without deciding that equitable tolling is available, was specific: "To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 336. *See also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007). In the present case, the Petitioner did not diligently pursue his rights. There is no indication that he pursued any post-conviction relief until seventeen months after the present petition was time-barred. After the Texas Court of Criminal Appeals denied his state application, he waited another nine months to file the present petition. It is also noted that the Petitioner's ignorance of the legal process does not warrant equitable tolling. *See Hayes v. Wilson*, 268 Fed. Appx. 344, 350 (5th Cir. 2008). Also, under pre-*Lawrence* case law, the Fifth Circuit had held that illiteracy and lack of training did not present "rare and exceptional" circumstances warranting equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The Petitioner is not entitled to equitable tolling. His objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of August, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**